**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>THE SISTERS OF SAINT ANN d/b/a ANNA MARIA COLLEGE,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-40758-EDK<br><br>Adv. Proc. No. 26-04027-EDK |
| DAVID E. ROY, ELAINA M. ROY, and DAVID E. ROY, JR.,<br><br>Plaintiffs,<br><br>v.<br><br>THE SISTERS OF SAINT ANN d/b/a ANNA MARIA COLLEGE,<br><br>Defendant. | |

**DEBTOR'S MOTION TO DISMISS ADVERSARY COMPLAINT**
**PURSUANT TO FED. R. CIV. P. 12(B)(6)**

The Sisters of Saint Ann d/b/a Anna Maria College (the "Debtor" or "College"), defendant in the above-captioned adversary proceeding, hereby moves for entry of an order substantially in the form attached hereto as **Exhibit A** dismissing the *Complaint for Declaratory Judgment Determining Equitable Title to Real Property* [Dkt. No. 1] (the "Complaint") filed by David E. Roy, Elaina M. Roy, and David E. Roy, Jr., the plaintiffs (collectively, the "Roys") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure, for failure of the Complaint to state a claim upon which relief can be granted. As detailed herein, the Complaint asserts a single claim for declaratory judgment in the Roys' favor, urging that the Roys hold

"equitable title" to a 2.4-acre parcel known as Lot 2 ("Lot 2") presently encumbered in favor of the Debtor's secured creditor, with the College holding "at most, only bare legal title" to Lot 2. *Compl*. ¶¶ 55, 57, 59. Even accepting every factual allegation in the Complaint as true, the Roys' claim is foreclosed as a matter of law. Should the Roys establish that they hold some cognizable interest in Lot 2 on account of a "promise" made in their favor prior to the petition date, that interest is indisputably avoidable under the Debtor's strong-arm power pursuant to 11 U.S.C. § 544(a)(3). The Roys acknowledge in the Complaint that no deed, no recording, and no other instrument appears in the chain of title, such that whatever equitable interest that they hold is defeated by a good-faith purchaser for value. The Complaint also fails to state a claim under Massachusetts law given that: (a) the specific relief sought, a declaration of "equitable title," is not cognizable under Massachusetts law, which does not follow the equitable conversion doctrine; and (b) no estate or interest in land was created by an instrument in writing as required by M.G.L. ch. 183, § 3. As a result, the Complaint should be dismissed with prejudice. In support of this Motion, the Debtor respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief requested herein is Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.

## RELEVANT BACKGROUND

4. The following facts are drawn from the Complaint and its attached exhibits.

5. Lot 2 is a 2.4-acre parcel of land located at the intersection of Grove Street and Streeter Road in Paxton, Massachusetts.[1] *Compl*. ¶ 16, Ex. 1. Lot 2 was originally part of a larger parcel acquired by the Community of the Sisters of Saint Anne, which subsequently gifted the property to the College. *Compl*. ¶ 14. In September 2023, Lot 2 was separated from the larger parcel through an Approval Not Required ("ANR") plan approved by the Paxton Planning Board. *Compl*. ¶ 29, Ex. 8. The Complaint does not allege that any deed to Lot 2 was ever executed. To the contrary, the Complaint affirmatively states: "The College did not convey the Property to the Roys." *Compl*. ¶ 38. Nor does the Complaint allege that any conveyance of any kind was recorded at the Worcester District Registry of Deeds in favor of the Roys.

6. The Roys allege that in late 2022 and early 2023, former College President Mary Lou Retelle and former Executive Vice President Michael Miers orally represented that the College would convey Lot 2 to the Roys "as a gift." *Compl*. ¶¶ 21, 23. The Complaint further alleges that between April and September 2023, Miers discussed the steps that would be necessary to accomplish the conveyance, including surveying and obtaining Planning Board approval. *Compl*. ¶¶ 25–31, Exs. 3–8.

7. The following is evident from the face of the Complaint and the public land records, of which this Court may take judicial notice:

- **The Complaint does not allege that any deed was executed.** To the contrary, the

[1] Lot 2 is part of the real property encumbered by the Mortgage, Security Agreement and Fixture Filing, dated as of November 30, 2017, as amended on September 30, 2024, in favor of Citizens Bank, N.A. and Citizens Funding Corp. (together, "Citizens") securing the Debtor's prepetition bond obligations. *See Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503 and 507 (I) Approving Postpetition Financing, (II) Granting Liens and Providing Superpriority Administrative Expense Status, (III) Authorizing Use of Cash Collateral, (IV) Granting Adequate Protection, (V) Modifying Automatic Stay, and (VI) Granting Related Relief* [Dkt. No. 146] at ¶¶ E(i), E(iii); *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to (A) Continue Limited Use of Its Cash Management System, (B) Open and Use a New Debtor-in-Possession Account, (C) Maintain Certain Existing Bank Accounts for Limited Purposes and Close Certain Existing Bank Accounts, and (D) Continue Using Certain Existing Business Forms Relating to Restricted Accounts; (II) Granting a Limited Waiver of Section 345(b) Requirements; and (III) Granting Related Relief* [Dkt. No. 16] at ¶ 12 (identifying Citizens Bank, N.A. as the Debtor's primary banking institution). To the extent that the Motion is denied, Citizens may be a necessary party to this litigation.

Complaint affirmatively states that the College did not convey the Property.

- **The Roys paid no consideration.** The Roys allege the Property was to be a "gift." *Compl.* ¶¶ 21, 23. They paid nothing for Lot 2.
- **The Roys are not in possession of Lot 2 and have made no improvements to Lot 2.** The Roys themselves allege the Property "remains undeveloped," *Compl.* ¶ 17, and describe it as land that "can be developed for the construction of a single home" and "was intended to serve as their retirement home," *Compl.* ¶ 18. The Roys reside at 71 Streeter Road, not on Lot 2. *Compl.* ¶¶ 8–10.
- **The Complaint does not allege that any conveyance was recorded.** No allegation in the Complaint asserts that any instrument was filed at the Worcester District Registry of Deeds evidencing any interest of the Roys in Lot 2.

8. The College filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on June 26, 2026. Prior to the filing, the Roys obtained a consensual stipulated order from the Worcester Superior Court on July 24, 2025, restraining the College from encumbering, selling, transferring, or otherwise disposing of or altering Lot 2. *Compl.* ¶ 42, Ex. 11. The Roys' Complaint does not allege that the order was recorded at the Worcester District Registry of Deeds, they do not allege that they sought and were granted a lis pendens encumbering title to Lot 2 and enforcement of that injunction is now stayed pursuant to 11 U.S.C. § 362(a).

9. The Roys seek a declaratory judgment based on promissory estoppel, including declarations that they hold "equitable title" to Lot 2, that the College holds "at most, only bare legal title," and a permanent injunction barring the College from selling the Property. *Compl.* ¶¶ 55, 59, 61.

## LEGAL STANDARD

10. Federal Rule of Bankruptcy Procedure 7012(b) incorporates Federal Rule of Civil Procedure 12(b)(6) in adversary proceedings. Fed. R. Bankr. P. 7012(b). Under Rule 12(b)(6), a complaint must be dismissed if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court accepts well-pled factual allegations as true and draws all reasonable inferences in the plaintiff's favor, it "need not accept as true legal conclusions cast as factual allegations." *Id.*

11. An affirmative defense may form the basis for dismissal under Rule 12(b)(6) where the defense is apparent on the face of the complaint. In this District, the standard requires that "(i) the facts establishing the defense [must be] definitively ascertainable from the complaint and other allowable sources of information, and (ii) those facts [must] suffice to establish the defense with certitude." *In re Wojtkun*, 534 B.R. 435, 449 (Bankr. D. Mass. 2015) (quoting *Nisselson v. Lernout*, 469 F.3d 143, 150 (1st Cir. 2006)).

## ARGUMENT

## I. THE DEBTOR'S STRONG-ARM POWER UNDER SECTION 544(a)(3) INDEPENDENTLY DEFEATS THE ROYS' CLAIM

### A. The Roys' Unrecorded Interest Is Avoidable as a Matter of Law.

12. The Complaint should be dismissed on this ground alone. Even if the Roys could establish some cognizable equitable interest on account of their past discussions with the College, under Massachusetts law, the Complaint's failure to demonstrate that the Roys filed a deed or other notice of interest in Lot 2 prior to the Petition Date independently defeats their claim. Section 544(a)(3) of the Bankruptcy Code gives the Debtor the rights of a hypothetical bona fide purchaser of real property as of the petition date "without regard to any knowledge of the trustee or of any creditor." 11 U.S.C. § 544(a)(3).[2] The Massachusetts recording statute

[2] The Debtor raises section 544(a)(3) defensively, in response to the Roys' Complaint, not offensively in a standalone

provides that a conveyance "shall not be valid as against any person, except the grantor or lessor, his heirs and devisees and persons having actual notice of it, unless it . . . is recorded in the registry of deeds." M.G.L. ch. 183, § 4. Similarly, a judgment or decree affecting title to real property has no effect against persons other than the parties, their heirs, and those with actual notice "unless a certified copy of the record thereof has been recorded in the registry of deeds." M.G.L. ch. 184, § 17. Because section 544(a)(3) strips away all knowledge, the Debtor stands in the shoes of a BFP who knows nothing except what the public land records disclose. An unrecorded interest, however it is characterized, is void against such a purchaser.

13. Under section 544(a)(3), the hypothetical BFP is charged only with notice of what appears in the recorded chain of title. *In re Mularski*, 565 B.R. 203, 206 (Bankr. D. Mass. 2017). Massachusetts law does not charge a BFP with inquiry notice; "actual notice" under the recording statute means actual knowledge, not "notice of facts which would be sufficient to induce a reasonable person to inquire further." *In re Webber Lumber & Supply Co.*, 134 B.R. 76, 78 (Bankr. D. Mass. 1991) (citing *Mister Donut of America, Inc. v. Kemp*, 368 Mass. 220 (1975)); *accord In re Golemo*, 494 B.R. 588, 594 (Bankr. D. Mass. 2013). This means that even open occupation of land does not provide notice to a BFP. *In re Dlott*, 43 B.R. 789, 794 (Bankr. D. Mass. 1983) ("[E]vidence of open occupation, possession and cultivation of land .

---

avoidance action. Courts have consistently recognized that section 544(a)(3) may be asserted defensively without commencing a separate adversary proceeding, and that the section 546(a) statute of limitations does not apply to such defensive use. *In re Loewen Group International, Inc.*, 292 B.R. 522, 528–29 (Bankr. D. Del. 2003) (chapter 11 debtor-in-possession could invoke section 544(a)(3) defensively in opposition to third parties' claim to sale proceeds based on an unrecorded resulting trust); *see also In re Block*, 259 B.R. 498, 504 (Bankr. D.R.I. 2001) ("§ 544(a)(3) is not limited to affirmative use by the Trustee, and . . . its use as a defensive tool is not restricted by any limitations period"). Similarly, in *In re Pina*, this Court applied section 544(a)(3) to defeat a co-tenant's unrecorded state-court judgment in the context of a motion to compel, not a standalone adversary proceeding. 363 B.R. 314, 318 (Bankr. D. Mass. 2007); *see also In re Taneja*, 427 B.R. 109 (Bankr. E.D. Va. 2010) (granting 12(b)(6) dismissal based on section 544(a)(3) where complaint's own allegations established that claimant's interest was unrecorded). This procedural posture is ideally suited for Rule 12(b)(6) resolution: the defense is apparent on the face of the Complaint, which alleges no recording and no deed, and the section 544(a)(3) defense is therefore "definitively ascertainable from the complaint" and can be "establish[ed] . . . with certitude." *In re Wojtkun*, 534 B.R. at 449.

. . is not sufficient to warrant the inference that a third person had any notice of such deed.") (citing *Pomroy v. Stevens*, 52 Mass. 244 (1846)). The Supreme Judicial Court has broadly defined claims "affecting title to real property" that must be recorded to include any claim asserting "some interest in the real estate . . . including a lien or encumbrance." *Wolfe v. Gormally*, 440 Mass. 699, 706 (2004).

14. A hypothetical BFP conducting a title search of the Worcester District Registry of Deeds would find only the College's quitclaim deed. Nothing in the chain of title reflects the Roys' claimed interest. The First Circuit has confirmed that the section 544(a)(3) inquiry turns on this recorded chain of title. *Tran v. Citizens Bank, N.A. (In re Tran)*, 142 F.4th 60, 64–67 (1st Cir. 2025). There, the debtor *lost* because there was a recorded instrument (an affidavit of sale) that provided notice to a hypothetical BFP. Here, there is nothing of the kind.

15. Courts in this District have applied section 544(a)(3) to avoid a wide range of unrecorded interests in real property. *See, e.g., In re Dlott*, 43 B.R. 789 (Bankr. D. Mass. 1983) (unrecorded deed); *In re Golemo*, 494 B.R. 588 (Bankr. D. Mass. 2013) (unrecorded divorce decree transferring property); *In re Pina*, 363 B.R. 314 (Bankr. D. Mass. 2007) (unrecorded court judgment affecting title); *In re Webber Lumber & Supply Co.*, 134 B.R. 76 (Bankr. D. Mass. 1991) (unrecorded lease).

16. The Roys' position is substantially weaker than the claimants in every prior case in this District where section 544(a)(3) was applied. The claimant in *In re Pina*, at least had an unrecorded court judgment ordering conveyance, yet this Court held the trustee's BFP status prevailed, noting that had the claimant "availed [herself] of the expedient of recording," the trustee "would have had notice and, therefore, would be unable to prevail." 363 B.R. at 330. The claimant in *Duda* had contributed purchase funds; the claimant in *Golemo* was in

long-term possession. *In re Duda*, 422 B.R. 339, 346 (Bankr. D. Mass. 2010); *In re Golemo*, 494 B.R. at 594. In *Webber Lumber*, the claimant held an unrecorded lease and purchase option and was in actual possession of the property, yet even that was insufficient to defeat the strong-arm power. 134 B.R. at 78–80. On the face of the Complaint, the Roys hold less than any of these claimants: the Complaint alleges no recorded interest of any kind, no possession of Lot 2, and no consideration (the Complaint describes only a promised "gift," *Compl*. ¶¶ 21, 23).

17. The Roys cannot escape this result by recharacterizing their claim. Their Complaint seeks declarations that they hold "equitable title" and that the College holds "at most, only bare legal title," *Compl.* ¶¶ 55, 57, 59, effectively invoking section 541(d)'s limitation on estate property. But section 541(d) does not restrict the Debtor's avoidance powers under section 544(a)(3). Section 541(d) limits only what enters the estate under section 541(a)(1) and (2); property recovered through the trustee's strong-arm powers enters the estate through section 541(a)(3) via sections 544 and 550. *In re Dlott*, 43 B.R. at 793 ("§ 541(d) does not represent a general limitation on the trustee's avoidance powers under § 544"); *accord In re Pina*, 363 B.R. at 330–31; *In re Duda*, 422 B.R. at 346. As the Seventh Circuit put it: "[A]llowing the estate to benefit from property that the debtor did not own is exactly what the strong-arm powers are about." *Belisle v. Plunkett*, 877 F.2d 512, 516 (7th Cir. 1989).[3]

18. The Roys' unrecorded interest, however characterized, cannot survive the Debtor's hypothetical BFP status. This affirmative defense is definitively ascertainable from the face of the Complaint, which alleges no recording and no deed. *See In re Wojtkun*, 534 B.R. at 449. The Complaint should be dismissed on this independent ground.

[3] The Debtor acknowledges that *In re Mill Concepts Corp.*, 123 B.R. 938 (Bankr. D. Mass. 1991), reached a contrary conclusion, but that decision involved a fraudulent conveyance by a predecessor in title, and its reasoning has been overtaken by *Pina*, *Duda*, and *Golemo*. No court in this District has followed *Mill Concepts* in the four decades since *Dlott*.

## II. THE ROYS' CLAIM ALSO FAILS AS A MATTER OF MASSACHUSETTS LAW

### A. Massachusetts Does Not Recognize "Equitable Title" Arising from an Executory Promise to Convey Real Property.

19. Although, as set forth above, Section 544 is dispositive as to the current controversy, even were the Debtor not able to invoke the Bankruptcy Code's strong-arm provisions the Roys' Complaint would fail to state a claim. The Roys seek a declaratory judgment finding that they hold "equitable title to the Property" and that the College holds "at most, only bare legal title," based on promissory estoppel. *Compl.* ¶¶ 55, 57, 59. This theory is not cognizable under Massachusetts law, which governs the existence of property interests in the debtor's estate. *See Butner v. United States*, 440 U.S. 48, 54 (1979); *Davis v. Cox*, 356 F.3d 76, 89 (1st Cir. 2004). Under settled Massachusetts doctrine, promissory estoppel is a contract substitute: "[w]hen a promise is enforceable in whole or in part by virtue of reliance, it is a contract, and it is enforceable under traditional contract theory." *Loranger Const. Corp. v. E.F. Hauserman Co.*, 376 Mass. 757, 761 (1978) (quotation omitted). Even a successful promissory estoppel claim yields only a right to contract-based relief - it does not create equitable title, equitable ownership, or any cognizable property interest in land that, as the Complaint itself acknowledges, was never actually conveyed, *Compl.* ¶ 38. *See R.I. Hosp. Tr. Nat. Bank v. Varadian*, 419 Mass. 841, 850 (1995) (noting "'an action based on reliance is equivalent to a contract action"); *see also In re Piccerelli*, 525 B.R. 184, 190 (Bankr. D. Mass. 2015) (holding that claimants held only contractual rights and not any form of real property interest despite a jury verdict finding breach of a contractual promise to convey real property).

20. This court has confronted a materially stronger version of this claim and squarely rejected it. In *In re Piccerelli*, the claimants were third-party beneficiaries of a *contractual* agreement to convey real property, and a jury had returned a verdict finding breach of that

agreement. 525 B.R. at 187. The court nonetheless held that the debtor "undisputedly owns all equitable interest in the Property" and that the claimants held only "a contract right — not a property right." *Id.* at 190, 192–93. In so holding, the court confirmed that specific performance of a promise to convey land requires a court decree; until a court orders conveyance, the promisee holds only a contract claim, not a property interest. *Id.* at 190. The Complaint alleges only oral statements and email exchanges evidencing an unfulfilled intent to make a gift - far less than the *Piccerelli* claimants.

21. Even if promissory estoppel claims were not limited to contractual remedies, the Complaint would still fail to state a claim for any form of equitable title to land that was not conveyed to them, because the concept of "equitable title" they seek to invoke is not recognized under Massachusetts law. *See Laurin v. DeCarolis Construction Co.*, 372 Mass. 688, 690–91 (1977) ("In many States the purchaser is treated as the equitable owner of real estate from the date of the purchase and sale agreement . . . We have taken a different view."); *In re Pina*, 363 B.R. at 327 ("Massachusetts does not follow the view recognized in many States that, on the execution of a purchase and sale agreement, the purchaser is regarded as the equitable owner of real estate, entitled to receive the rents and profits from the property."). The "equitable title" the Roys seek is simply not a recognized interest under Massachusetts law.

### B. Even Assuming a Promissory Estoppel Claim Could Give Rise to an Interest in Land, the Writings the Roys Invoke Do Not Satisfy M.G.L. ch. 183, § 3.

22. Even assuming that a promissory estoppel claim could give rise to an estate or interest in land, that interest could be created only by "an instrument in writing signed by the grantor." M.G.L. ch. 183, § 3. The Complaint would fail on this independent ground because the writings the Roys invoke are not instruments of conveyance; they are, at most, evidence of a contemplated future instrument in writing that would effect the transfer, therefore lacking the

operative character that section 3 demands. Massachusetts General Laws chapter 183, § 3 provides that "[a]n estate or interest in land created without an instrument in writing signed by the grantor or by his attorney shall have the force and effect of an estate at will only." M.G.L. ch. 183, § 3. This is a substantive bar to the creation of any property interest greater than a tenancy at will, not merely a rule of evidence or a condition of enforceability. As Justice Holmes explained in the foundational decision of *Emery v. Boston Terminal Co.*, "the writing required for the creation of an interest in land is more than a memorandum of the constituent act;" rather, the writing itself must be the constituent act of conveyance. 178 Mass. 172, 183 (1901).

23. Unlike the recording statute (M.G.L. ch. 183, § 4), which contains exceptions for the grantor and persons with actual notice, section 3 contains no such exceptions. An interest in land simply does not come into existence without a fully compliant signed written instrument. *See U.S. Bank Nat. Ass'n v. Ibanez*, 458 Mass. 637, 649 (2011) (reaffirming that "[l]ike a sale of land itself" any conveyance of an interest in land "requires a writing signed by the grantor" under section 3).

24. The Complaint does not allege that any deed or instrument of conveyance was ever executed; to the contrary, it affirmatively states: "The College did not convey the Property to the Roys." *Compl.* ¶ 38. The Roys attach several email exchanges (Exs. 3–9), but none of these emails operates as "the constituent act" of creating an estate or interest in land, *Emery*, 178 Mass. at 183. They describe future steps: contacting assessors, engaging a surveyor, obtaining Planning Board approval, and "work[ing] with legal for the transfer." *Compl.* ¶ 31, Ex. 7. And the latest email exhibit confirms the arc: on November 2, 2023, Vice President Miers informed the Roys that "legal is saying we cannot 'gift' the land." *Compl.* Ex. 9. Even accepting every allegation in the Complaint as true, these writings describe anticipated future conveyancing steps, not a completed

present transfer of an interest in land.

25. Where, as here, no fully compliant written instrument of actual conveyance or assignment exists, Massachusetts courts have held that no greater interest than an estate at will is created. *See Scotti v. Bullock*, 225 Mass. 510, 512 (1917) (holding that without a written instrument of assignment, the claimant "could have no interest in the premises except an estate at will"); *Emery*, 178 Mass. at 183.

26. The most the Roys could conceivably claim based on the Complaint is that they held an estate at will, terminable at any time. The Complaint itself reflects the College's repudiation of any intent to convey. *Compl.* ¶¶ 37–38. The Complaint therefore fails to state a claim for "equitable title" where no estate or interest in land was ever created by an instrument in writing under Massachusetts law.

**<u>CONCLUSION</u>**

27. For the foregoing reasons, the Debtor respectfully requests that this Court enter an order dismissing the Roys' Complaint with prejudice. The Complaint fails to state a claim upon which relief can be granted because: (1) any interest the Roys might claim is wholly unrecorded and avoidable under the Debtor's strong-arm power, 11 U.S.C. § 544(a)(3); (2) the specific relief sought, a declaration of "equitable title," is not cognizable under Massachusetts law; and (3) no estate or interest in land was created by an instrument in writing as required by M.G.L. ch. 183, § 3.

Dated: September 21, 2026

Respectfully submitted,

/s/ *Kathleen M. St. John*
John J. Monaghan (MA Bar #546454)
Lynne B. Xerras (MA Bar #632441)
Kathleen St. John (MA Bar #681565)
**HOLLAND & KNIGHT LLP**
10 St. James Avenue
Boston, MA 02116
Telephone: (617) 523-2700
Facsimile: (617) 523-6850
E-mail: john.monaghan@hklaw.com
lynne.xerras@hklaw.com
kathleen.stjohn@hklaw.com

*Counsel to the Debtor/Debtor in Possession*

**CERTIFICATE OF SERVICE**

I, Kathleen M. St. John, counsel for The Sisters of Saint Ann d/b/a Anna Maria College, the debtor and debtor in possession in the above-captioned chapter 11 case, hereby certify that on September 21, 2026, I caused copies of the foregoing *Motion to Dismiss Adversary Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)* to be served (i) by the Court's CM/ECF electronic filing system on all registered users, and (ii) by first class U.S. mail, postage prepaid, those listed on the Service List attached hereto.

*/s/ Kathleen M. St. John*____________
Kathleen M. St. John

**SERVICE LIST**

Douglas R. Gooding, Esq.
Jonathan Marshall, Esq.
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
*(Counsel to Citizens Bank, N.A. and Citizens Funding Corp.)*

Andrew C. Helman, Esq.
Lauren M. Macksoud, Esq.
Henry Thomas, Esq.
Kyle D. Smith
Dentons Bingham Greenebaum LLP
One City Center, Suite 11100
Portland, ME 04101
(*Counsel to the Official Committee of Unsecured Creditors)*

Anthony A. Froio, Esq.
Robert F. Callahan, Jr., Esq.
Robins Kaplan LLP
800 Boylston Street, Suite 2500
Boston, Massachusetts 02199-7080
*(Plaintiffs' Counsel*)